**E-FILED**
Wednesday, 17 November, 2010  02:51:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT
COURT FOR THE CENTRAL DISTRICT
OF ILLINOIS

| | | |
|---|---|---|
| ABEL LUCIO<br>        Plaintiff<br><br>    -vs-<br><br>DR. OBAISI ; GODOYO;<br>ANNITTA; CROUSE; STATTON,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | STATE PRISONER<br>42 U.S.C. § 1983<br>CIVIL COMPLAINT<br><br>\10-\377 |

## COMPLAINT

Plaitiff brings this complaint against Defendants Dr. Obaisi, Officer Godoyo, Nurse Annitts, Officer Crouse and Officer Statton and states as follows:

## SUMMARY OF THE ACTION

This case concern Callous Indifference to the medical need of a ward of the state. Defendants ignored such medical need and subjected Plaintiff to severe pain and emotional distress. Each foreseeable and preventable, subjecting him to substantial physical injury and phycological trauma amounting to cruel and unusual punishment.

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983 and the Laws of the state of Illinois.To redress the violations of his rights under the Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff seeks compensatory and punitive damages from the Defendants, and a Judgment declaring the Defendants acts unconstitutional.

## JURISDICTION & VENUE

This Court has juridiction pver Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1367(a).

Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b). Because at least one Defendant resides in this District and all of the events giving rise to Plaintiff claim occured in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has exhausted his administrative remedies.

## PARTIES

Plaintiff Abel Lucio is an inmate. He is currently housed at Pontiac Correctional Center and is a resident of Livingston County, Illinois.

Defendant Officer Godoyo, Officer Crouse, and Officer Statton was, at all times pertinent to the allegations in this complaint. An Officer of Illinois Department of Correctional Center. They have personal firsthand knowledge of the allegations in this complaint. They are Sued in their individual capacity only.

Defendant Dr. Obaisi was, at all times pertinent to the allegations in this complaint. The treating physicians at Logan Correctional Center, and its Medical Director. He has personal firsthand knowledge of the allegations in the complaint. Defendant Dr. Obaisi is Sued in his individual capacity only.

Defendant Annitta was, at all times pertinent to the allegations in this complaint. The nurse at Logan Correctional Center. Defendant has personal firsthand knowledge of the allegations in this complaint. She is Sued in her individual capacity only.

## LEGAL CLAIMS

Claim under 42 U.S.C. § 1983. For violation of the Eighth Amendment, 1st clause of action.

Plaintiff has a on going subjection to Deliberate Indifference

2.

by I.D.O.C Defendants.

On August 28, 2008 Plaintiff asked for medical assistance from the nursing staff at Centralia Correctional Center. Plaintiff was ignored this request. Plaintiff was seeking immediately medical assistance to a serious medical need.

After about 3 days of no treatment to Plaintiff's serious medical need. Plaintiff had what was/is to believe a seizure, and fell off the top bunk and seriously injured himself.

On August 31, 2008 around midnight Plaintiff suffered a possible seizure and fell off the top bunk. Plaintiff falling like dead weight to the floor, suffered head trauma, cuts on leg, and acromio-clavicular joint separation to his left shoulder.

Plaintiff layed on the floor after he fell, his eyes rolled in the back of his head. His head and feet clenched up and shaking.

Plaintiff's cellmate other inmates proceeded to yell, hollar, kick the door, flash the lights on and off, and other things. Trying to get C.O Godoyo attention to attend to Plaintiff serious medical need.

Defendant Godoyo failed to respond to Plaintiff's serious medical need in a timely matter. Even becoming aware of inmates yelling and hollaring for Code 3. (Code 3 is "Man Down" emergency need of medical attention by inmate.)

Defandant Godoyo failed to walk the gallery every 30 minutes to secure the safety of inmates in their cell. If so Defendant Godoyo would of came by Plaintiff's cell and became aware of Plaintiff's need for serious medical need.

Plaintiff's cellmate Michael Boaz. Seeing his celly fall off the top bunk yelled for the C.O, kicked the door, yelled out the window etc.. For at least 40 minutes. Defendant Godoyo only 20 feet away failed to respond to emergency calls etc..To have Plaintiff receive medical attention.

3.

These above stated inactions of Defendant Godoyo subjected
Plaintiff to Deliberate Indifference to his serious medical need.
Thus subjecting him to cruel and unusual punishment in violation
of the Eighth Amendment.

After 45 minutes to a hour, after Plaintiff fell out of the
top bunk. Defendant Godoyo came to Plaintiff's cell asking "is that
you doing all the yelling"? After Plaintiff's Celly explained to
Defendant Godoyo what had occurred Defendant Godoyo finally went
to receive medical attention for Plaintiff.

### 2nd Clause of Action

Plaintiff on same night was put in a wheel chair and took to
health care unit. On September 1, 2008 Plaintiff was taken to
Tochette Regional Hospital, in St.Louis Illinois.

On this emergency visit to the T.R. Hospital in St.Louis.
Doctor Mr. Carmel Bonnaig told Plaintiff he suffers from head
trauma, and a acromio-clavivular joint separation. I was told by
Dr. Bonnaig that I would receive adequate medical need at Centralia
Correctional Center.

When Plaintiff returned to Centralia Correctional Center. He
was told by their medical staff that he would receive medical at-
tention for his shoulder at Logan Correctional Center.

On September 4, 2008 at Logan Correctional Center. Plaintiff
was seen by Dr. Obaisi. Plaintiff's bone in his left shoulder still
poking out, (shoulder out of place) and in severe pain and lack
of movement was denied adequate medical need by Defendant Obalis.

Defendant Dr. Obaisi on September 4, 2008 told Plaintiff to
hold out his left arm. Plaintiff could not perform this request.
Because of severe pain and joint out place. Plaintiff was able to
exercise and or perform any of the request movements asked of him
by Defedant Dr. Obaisi.

Plaintiff was not giving no adequate medical care to his serious medical need by Defendant Dr. Obaisi. Subjecting him to Deliberate Indifference to a serious medical need and cruel and unusual punishment. In violation of Plaintiff's Eighth Amendment Right.

On or around September 5, 2008. the pain from Plaintiff's injuries spreaded to his back. On September 5, 2008 Plaintiff was sent out to receive x-rays "only". Plaintiff's pain is/was so severe the ibuprofen were doing nothing for the pain. This left Plaintiff in pain and subjected him to emotional distress, pain so severe Plaintiff could not sleep.

On September 16, 2008 Plaintiff was taken to KoKemill orthopedic clinic in Springfield. Plaintiff was given x-rays by Dr. Senica. Dr. Senica tried to explain to Plaintiff the diagnoses of his x-rays/injury to left shoulder. C.O Woodruff told Dr. Senica he could not speak english. C.O. Woodruff told Dr. Senica tell him and he would interpret to Plaintiff.

C.O. woodruf explained to inmate Mr. Perez a spanish speaking inmate to tell Plaintiff the message from Dr. Senica the Orthopedic Doctor.

Mr. Perez (inmate) told me in spanish that the Doctor said "I would need surgery or else I would be in a signifigent amount of pain and would be disfigured. And most of all I would be dis-abled for the rest of my life.

On September 17, 2008 I was given more ibuprofen by Defendant Dr. Obaisi. Even after I explained to him they don't work.

Almost a whole month went by. On October 16, 2008 still in pain, no surgery. I was taken to Kokemill Orthopedic Clinic. I was told to sign some papers. But not able to understand what I was signing I refused to sign.

Plaintiff being not able to speak or read english was not given

a interpretor to explain in spanish. Plaintiff asked for a trans-
lator. Yet they refused to give Plaintiff a interpretor.

Defendant Dr. Obaisi  knowing Plaintiff knew not english.
(Can't speak, understand or read english) Failed to have a inter-
pretor there to assist Plaintiff to ensure that he receive adequate
medical need.

On November 17, 2008 almost another month later Plaintiff.
Plaintiff was seen again by Defendant Dr. Obaisi . Who gave Plain-
tiff (Naproxen) a weeker  pain pill. Yet failed to fix the left
shoulder injury in which what is causing Plaintiff the pain.

Defendant Dr. Obaisi, also failed to see what was/has caused
Plaintiff seizure and or give Plaintiff medication for seizures
to safeguard Plaintiff  from suffering him from subjection to
another seizure  or injury from such. These inactions of Defendant
Dr. Obaisi not determining the cause of Plaintiff's seizures sub-
jected him to Deliberate Indifference to a serious medical need
and cruel and unusual punishment. In violation of Plaintiff's
Eighth Amendment Right.

On November 17, 2008 Plaintiff asked Defendant Dr. Obaisi . For
a interpretor to explain to Defendant Dr. Obaisi  the extent of his
pain and how it was speading down his arm and back.

Defendant Obaisi  denied Plaintiff a interpretor. Denying a
Plaintiff a "voice" to explain the extent and where his pain is.
Not only is a violation of his Eighth Amendment Deliberate Indif-
ference to a serious medical need. It also subjected Plaintiff to
a Fourteenth Amendment violation of his Equal Protection Rights.
Because he does not know english.

### 3rd Clause of Action

On April 4, 2009 Plaintiff sent a request asking for medical
attention, because he felt ill. Plaintiff sent a urgent request
but no help. On April 5, 2009 Plaintiff seeing he didn't have no

6.

response to his April 4, 2009 urgent request. Told staff about his feeling ill. No help.

On Monday April 6, 2009 Plaintiff informed staff on the 7-3 shift of his medical need. He was ignored. On April 6, 2009 on the 3-11 shift at med-line. Plaintiff told Defendant Ms. Annitta (nurse) that he needed emergency medical attention and Plaintiff explained how he was feeling. Defendant Annitta did not respond to Plaintiff's medical plea for emergency need. Defendant not knowing if Plaintiff was suffering from a heart attack, stroke or what have you. Ignored Plaintiff's urgent request for medical attention.

Defendant Annitta only told the Defendant Crouse to take down Plaintiff's name to see the Doctor hopefully the next day. Defendant Annitta failed to give Plaintiff emergency needed treatment. Defendant Crouse failed to call Code 3. To give Plaintiff emergency medical attention abandoning protocol. Not knowing the extent or seriousness of Plaintiff's medical attention. Defendant Crouse aided and abetted Defendant Annitta in subjecting Plaintiff to Deliberate Indifference and cruel and unusual punishment. In violation of Plaintiff's Eighth Amendment right.

The next morning, April 7, 2009. Half of Plaintiff's body and head were feeling numd and Plaintiff was not feeling good at all. Nobody responded to the taking down of Plaintiff's name by Defendant Annitta and or Defendant Crouse.

So on April 7, 2009 feeling weird and not right Plaintiff spoke to Defendant B-Statton (C.O. on duty). Plaintiff explained that he has asthma and hasn't had his refill or new inhaler and explained he wasn't feeling good.

Defendant B-Statton two hours came back to Plaintiff's cell and told Plaintiff health care unit didn't want to do anything for him. And he returned Plaintff's inhaler back.

7.

Defendant Statton failed to inform his supervisors of the health care Deliberate Indifference to Plaintiff for his needed inhaler for his asthma. And for Plaintiff's request for emergency medical need not reporting health care staff for such deprivation of Plaintiff'srights. Subjectec Plaintiff to Deliberate Indifference by turning a blind eye to this injustice and was cruel and unusual punishment. In violation of Plaintiff's Eighth Amendment right.

Later this same night April 7, 2009. Around 8 P.M. Plaintiff fell out unconsipus landing on his face. Plaintiff regained conscious in health care unit with a air mask on to help him breath. LT. Hardy said to Plaintiff "If we would have come  any later you would have been dead!"

Test was not done to determine the cause of Plaintiff's now second seizure like medical condition. Plaintiff was just returned to his cell next morning.

Plaintiff last time speaking to Defendant Dr. Obaisi  was told by Dr. Obalis his shoulder will stay like that for the rest of his life and that he would not receive surgery and have a nice day.

Plaintiff left shoulder is still out side of the joint. Causing sever pain, emotional distress, and lack of movement in his left arm.

The reckless disregard of Defendant's to Plaintiff's serious medical needs. Under color of State Law and without justification, Constituted Deliberate Indifference. To an objectively serious and subjectively known danger. Posing a substantial risk of serious harm to Plaintiff. And amounts to cruel and unusual punishment. In violation of the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

## RELIEF REQUESTED

A. An injunction commanding I.D.O.C to perform a thorough medical

8.

examination of Plaintiff. Sufficient to identify any lasting
medical condition and to treat such injuries or conditions;

B. Compensatory Damages

C. Punitive Damages

D. Any other relief which this Court may deem just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY [X] YES [ ] NO


Respectfully Submitted,

/s/ _____

Abel Lucio
Reg No. R-15681
Pontiac Corr Ctr.
P.O. Box 99
Pontiac, IL 61764

DATE: _____11-8-10_____

9.